# United States Court of Appeals

## For the First Circuit

No. 03-2451

In re CLARE A. WOODMAN, Debtor

EVERGREEN CREDIT UNION,
Creditor, Appellant,

v.

CLARE A. WOODMAN,
Debtor, Appellee,

PETER C. FESSENDEN,
Trustee, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF MAINE
[Hon. D. Brock Hornby, U.S. District Judge]

Before

Torruella, Circuit Judge,
Gibson, Senior Circuit Judge,*
and Lipez, Circuit Judge.

Stanley Greenberg, with whom Greenberg & Greenberg was on the brief, for creditor, appellant.
Barry Evan Schklair, with whom The Schklair Law Firm, LLC was on the brief, for debtor, appellee.
Peter C. Fessenden, Standing Chapter 13 Trustee, for trustee, appellee.

August 11, 2004

_____

* The Honorable John R. Gibson, of the Eighth Circuit, sitting by designation.

**LIPEZ**, **Circuit Judge**.    Evergreen Credit Union, an undersecured creditor, appeals from the decision of the district court upholding the bankruptcy court's confirmation of debtor Clare A. Woodman's First Amended Chapter 13 Plan ("the plan").    Evergreen objected to the confirmation of the plan on the ground that it did not meet the requirement set forth in § 1325(b) that debtors devote all of their "disposable income" to their plans for at least three years.    In particular, Evergreen claimed that Woodman's monthly purchases of cigarettes, amounting to $136.00, were not "reasonably necessary" expenses within the meaning of § 1325(b)(2)(A).    Thus, it argued that § 1325(b) required the exclusion of Woodman's cigarette expenditures from the calculation of her reasonably necessary expenses, thereby increasing her projected disposable income and consequently the amount that she would be required to pay each month into the plan.    The bankruptcy court, in a thoughtful rescript, overruled Evergreen's objection to the confirmation of the plan.    In re Woodman, 287 B.R. 589, 596 (Bankr. D. Me. 2003).    Evergreen appealed, and the district court affirmed the bankruptcy court's judgment.    Adhering to our long-standing rule that arguments not squarely presented below may not be advanced for the first time on appeal, we affirm the judgment of the district court.

## I.

Evergreen contends that the bankruptcy court's analysis of whether cigarette expenses are disposable income was flawed because it did not include "a rigorous review" of "objective factors" relating to the reasonableness of Woodman's asserted need for cigarettes. Section 1325(b)(2)(A), Evergreen avers, required the court to consider such factors as

> whether the Debtor experiences any ill-health effects from her smoking, whether her physician has recommended that she cease smoking, how long she has smoked, the extent to which her consumption of cigarettes varies, the brands or brands she smokes, whether she wants to stop smoking, and the efforts she has made to quit.

Because the bankruptcy court did not consider those factors, Evergreen argues, it erred as a matter of law in overruling Evergreen's objection to Woodman's cigarette expenses and confirming her Chapter 13 plan.

As the bankruptcy trustee points out correctly in its response brief, Evergreen never asked the bankruptcy court to adopt the "objective factors" that it now claims should be applied to any analysis under 11 U.S.C. § 1325(b)(2)(A). Instead, it argued that Woodman's cigarette expenses were excessive in the context of her other discretionary expenditures and that it was, furthermore, unreasonable per se since "there is no redeeming value to smoking, and [the bankruptcy court] need not tolerate a debtor's behavior which is not only counterproductive but self-destructive."

A party's failure to advance an issue before the bankruptcy court in the first instance forfeits its right to raise that issue on appeal. See Gannett v. Carp (In re Carp), 340 F.3d 15, 25-26 (1st Cir. 2003) (argument not raised before the bankruptcy court will not be considered on appeal); LaRoche v. Amoskeag Bank (In re LaRoche), 969 F.2d 1299, 1305 (1st Cir. 1992) (same). "That a party may not advance an argument for the first time on appeal is a virtually ironclad rule in this circuit. . . ." In re Carp, 340 F.3d at 26 (internal quotation marks omitted). We find no extraordinary circumstances in the record that would justify a departure from this well-established prudential rule. See Nat'l Assoc. of Soc. Workers v. Harwood, 69 F.3d 622, 637 (1st Cir. 1995) (exceptions to the raise-or-waive principle are "few and far between"). Having failed to raise its "objective factors" argument before the bankruptcy court, Evergreen is foreclosed from advancing it on appeal.[1]

## II.

Evergreen further argues that the bankruptcy court committed a legal error by failing to aggregate all of Woodman's

---

[1]Evergreen did raise its "objective factors" argument before the district court, which rejected it on the merits. That the district court chose to address this issue, however, does not preserve it for appeal to this court. See In re Carp, 340 F.3d at 21 ("Notwithstanding the fact that we are the second-in-time reviewers, we cede no special deference to the district court determinations. Rather our review directly addresses the bankruptcy court's decision.") (citation omitted).

-4-

discretionary expenditures and assess the reasonable necessity of that total sum.  It argues that the court should have applied the methodology adopted by the bankruptcy court in In re Gonzales, 157 B.R. 604 (Bankr. E.D. Mich. 1993).  The Gonzales court explained that its task was

> to identify how much of the Debtors' anticipated expenses are discretionary in nature and to weigh them on this scale.  If the discretionary expenses in the aggregate allow the Debtors to exceed their basic needs, including a reasonable reserve for recreation and exigencies (the reasonable "cushion"), then their plan cannot be confirmed.

Id. at 609.  According to Evergreen, "[t]he Bankruptcy Court below did not use this methodology . . . despite being urged to do so by Evergreen, and thereby committed an error of law."  Applying this aggregating methodology to Woodman's discretionary expenses, Evergreen contends, leads to the "inescapable" conclusion that "Woodman has reserved too much discretionary income for herself, and too little disposable income to the Plan, due principally to the inclusion of her expenditure for cigarettes and the lack of any meaningful sacrifice in pre-petition levels of discretionary consumption."

We do not agree that Evergreen urged the Bankruptcy Court to assess whether Woodman's aggregate discretionary expenses allowed her to exceed her basic needs including a reasonable cushion for recreation and exigencies.  As Evergreen acknowledges elsewhere in its brief, its "objection to confirmation [of

-5-

Woodman's plan] was limited to the 'expense of cigarettes issue.'" While Evergreen's memorandum of law in support of its objection to confirmation noted that Woodman had "already expend[ed] a sufficient amount on so-called 'lifestyle' items," it did not claim that her aggregate discretionary expenditure was unreasonable. Rather, as previously noted, it singled out Woodman's cigarette expenses, arguing that in light of her other discretionary expenditures, "[a]ny additional amount for cigarettes is excessive" and "must be eliminated." It also "urge[d] the [Bankruptcy] Court to go further to adopt a per se rule that any expenditure by a c.13 debtor for cigarettes is not 'reasonably necessary' for support and maintenance." Evergreen did not argue, as it does here, that the bankruptcy court was required as a matter of law to aggregate Woodman's discretionary expenses and assess the reasonableness of that total figure in light of Woodman's basic needs and the monthly dividends paid to her unsecured creditors.[2]  Nor did Evergreen

---

[2] The bankruptcy court rejected Evergreen's per se argument, which Evergreen does not challenge on appeal, as well as its claim that taking into account other discretionary expenditures, Woodman's cigarette expenditures were excessive.  In doing so, the court adopted an approach that was similar to Gonzales's case-by-case analysis, explaining that

> if the trustee or a creditor comes forward with evidence that the debtor is not committing all available projected disposable income to the plan as required by § 1325(b)(1), the court, without the aid of arbitrary, bright line formulae, must scrutinize the debtor's budget in view of the debtor's particular circumstances, and use its best judgment to determine whether expenses other than those that are "reasonably necessary" have been improperly included in the disposable income calculus.

Applying that approach, the bankruptcy court questioned whether

advance that claim in its appeal to the district court, choosing instead to raise only the new "objective factors" claim of error. Consequently, the argument is twice forfeited.  <u>See</u> <u>In re Carp</u>, 340 F.3d at 25-26; <u>Advanced Testing Tech., Inc.</u> v. <u>Desmond</u> (<u>In re Computer Eng'g Assoc., Inc.</u>, 337 F.3d 38, 45 (1st Cir. 2003) (creditor trustee "forfeited its right to appeal the bankruptcy court's determination by failing to raise it on appeal to the district court").

**<u>Affirmed</u>**.

---

Evergreen had produced sufficient evidence to require Woodman to establish the reasonableness of her expenses by a preponderance of the evidence but concluded that, in any event, Woodman had met that burden.